UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

OTIS MORRIS,

                Plaintiff,                      Case No. 1:15-cv-405

v.                                       Honorable Janet T. Neff

KRISTE ETUE et al.,

                Defendants.
_____/

**OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim. In addition, Defendant Michigan State Police Department is immune from suit.

## Factual Allegations

Plaintiff Otis Morris is a federal prisoner.  Defendants are Michigan state police officers serving in Paw Paw, Michigan: Colonel Kriste Etue, Captain Michael Brown, Lieutenant (Unknown) Edington, Sergeant (Unknown) Dragomer, and Trooper James C. Gillespie.  Plaintiff also sues the Michigan State Police Department.

Plaintiff claims that he was deprived of due process after the Michigan state police seized $24,089.00 from him and failed to return it.  According to the complaint and attachments thereto, Plaintiff was stopped by the police on May 6, 2011, while traveling from Chicago to Lansing with two other individuals.  According to a police incident report, the three of them were arrested after police discovered cocaine in their vehicle.  (*See* Attach. to Compl., Original Incident Rep., docket #1-1.)  The police also discovered a handgun and "rubber banded currency."  (*Id.* at 9, Page ID#10.)  Plaintiff alleges that Officer Gillespie seized the money pursuant to the "Michigan Controlled Substance Forfieture [sic] statute," and then turned it over to Sgt. Dragomer.  (Compl., docket #1, Page ID#4.)  A federal agent from the Drug Enforcement Agency (DEA) took possession of the drugs and the handgun, but not the money, on May 9, 2011.  On July 11, 2011, the DEA "waived" a civil forfeiture.  (*Id.*)  Plaintiff claims that the money should have been returned to him at that time; instead, on August 30, 2011, Sgt. Dragomer "released" it to Defendants Edington and Gillespie.  (*Id.*)  Plaintiff claims that the improper release of his money was the result of a "policy or custom" of the state police department and a failure by Captain Brown to properly train and supervise his officers.  (*Id.* at Page ID#5.)

As relief, Plaintiff seeks compensation for the money he lost, as well as punitive damages against each Defendant.

- 2 -

**Discussion**

I.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed

by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v.*

*Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).  Because § 1983 is a method for vindicating

federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271

(1994).

Plaintiff asserts a violation of due process, but this claim is barred by the doctrine of

*Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327

(1986).  Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state

employee has no federal due process claim unless the state fails to afford an adequate post-

deprivation remedy.  If an adequate post-deprivation remedy exists, the deprivation, although real,

is not "without due process of law."  *Parratt*, 451 U.S. at 537.  This rule applies to both negligent

and intentional deprivation of property, as long as the deprivation was not done pursuant to an

established state procedure.  *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984).  Because

Plaintiff's claim is premised upon allegedly unauthorized acts of a state official, he must plead and

prove the inadequacy of state post-deprivation remedies.  *See Copeland v. Machulis*, 57 F.3d 476,

479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993).  Under settled Sixth

Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-

process action.  *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case.  Plaintiff has not alleged that state

post-deprivation remedies are inadequate.  Indeed, when property is seized pursuant to the Michigan

Controlled Substances Act, Mich. Comp. Laws § 333.7101 et seq., there are remedies available to

contest that seizure.  Section 7522 authorizes seizure of property "upon process issued by the circuit

court having jurisdiction over the property," or without process under any of the following circumstances:

> (b) The property is the subject of a prior judgment in favor of this state in an injunction or forfeiture proceeding under this article or pursuant to section 17766a.
>
> (c) There is probable cause to believe that the property is directly or indirectly dangerous to health or safety.
>
> (d) There is probable cause to believe that the property was used or is intended to be used in violation of this article or section 17766a.

Mich. Comp. Laws § 333.7522.

In cases involving seizure without process, the unit of government that performed the seizure must provide the property owner with written notice of the seizure and the governmental unit's intent "to forfeit and dispose of the property."  Mich. Comp. Laws § 333.7523(1)(a).  A person who claims an interest in the property has twenty days after receiving notice to file a claim describing his interest.  Mich. Comp. Laws § 333.7523(1)(c).  The claimant must also submit a bond amounting to ten percent of the seized property's value, "but not less than $250.00 or greater than $5,000.00," subject to the condition "that if the property is ordered forfeited by the court the obligor shall pay all costs and expenses of the forfeiture proceedings."  *Id.*  Forfeiture proceedings must commence promptly following expiration of the twenty-day claim period.  *Id.*  If no claim is filed or bond given within the twenty-day period, the property is forfeited.  Mich. Comp. Laws § 333.7523(1)(d).  Michigan courts have held that the availability of notice and a hearing under Mich. Comp. Laws § 333.7523 satisfies due process.  *See In re Forfeiture of $109,901*, 533 N.W.2d 328, 331 (Mich. Ct. App. 1995); *Derrick v. City of Detroit,* 245 N.W.2d 154, 155 (Mich. Ct. App. 1988).

- 5 -

It is not clear whether Plaintiff received proper notice of an intent to forfeit his property, though the documents filed in his criminal case suggest that he did.  Plaintiff has filed only a few pages from a police incident report regarding the seizure of his property (docket #1-1), but the full report was filed by his attorney in his criminal case.  (*See United States v. Morris*, 1:11-cr-149-PLM-1, docket #123-1.)  On page 8 of the incident report, the reporting officer asserts that he served Plaintiff with a notice of seizure with intent to forfeit the confiscated funds on May 6, 2011.  (*Id.* at Page ID#227.)  Assuming that Plaintiff received this notice, he does not allege any reason why the process available to him under § 333.7523 was not adequate.

Even if Plaintiff did *not* receive proper notice, there may have been other means to challenge the forfeiture.  The Michigan Court of Appeals has held that where property is seized and forfeited after the state failed to provide proper notice to the owner, the owner can file a complaint to recover the property.  *See Hollins v. City of Detroit Police Dep't*, 571 N.W.2d 729, 732 (Mich. Ct. App. 1997).  Plaintiff does not allege that this, or any other post-deprivation remedy, would have been inadequate to afford him complete relief for the deprivation of his property.  Consequently, he does not state a due process claim.

II.    Immunity

Defendant Michigan State Police Department is subject to dismissal for an additional reason: it is immune from suit in this Court.  Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826  (6th Cir.

1993).  Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court.  *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).  Consequently, the Michigan State Police Department is immune from suit under the Eleventh Amendment.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim and/or because the Defendant is immune from suit, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  June 10, 2015                          /s/ Janet T. Neff
                                               Janet T. Neff
                                               United States District Judge